the forfeiture of petitioner's bond herein was so disproportionate to the offense as to be shocking to one's sense of fairness such as would constitute an abuse of discretion by the State Liquor Authority. Although *Matter of Acosta v Ring* (37 AD2d 957) and *Matter of Student Prince v New York State Liq. Auth.* (28 AD2d 671) are both distinguishable from the case before us, we decline to follow their authority to the extent of any conflict with our present holding. Concur—Kupferman, J. P., Sullivan, Carro and Milonas, JJ.

■ In the Matter of JOSEPH GUASTAVINO, Doing Business as BOAT'S INN, Respondent, v STATE LIQUOR AUTHORITY et al., Appellants.—Order of the Supreme Court, Bronx County (Bertram Katz, J.), entered on September 25, 1987, which granted petitioner's application pursuant to CPLR article 78 to the extent of finding the determination of respondent State Liquor Authority directing the forfeiture of petitioner's $1,000 compliance bond to be excessive and vacating and annulling that portion of the penalty imposed, leaving the 10-day deferred license forfeiture as the sole penalty, is unanimously reversed on the law and the penalty imposed by respondent reinstated, without costs or disbursements.

Petitioner Joseph Guastavino was found guilty by respondent State Liquor Authority of having, on July 13, 1984, suffered or permitted gambling on his licensed premises in violation of subdivision (6) of section 106 of the Alcoholic Beverage Control Law. In that regard, one of respondent's investigators had discovered a Joker Poker machine operating in petitioner's establishment. The penalty imposed against petitioner was a 10-day deferred suspension of its license and forfeiture of its $1,000 compliance bond. The Supreme Court held that this penalty is excessive to the extent that it requires the bond forfeiture. We disagree for the reasons stated in this court's opinion in *Matter of Norwood Pub v State Liq. Auth.* (145 AD2d 322 [decided herewith]). Concur—Kupferman, J. P., Ross, Carro, Rosenberger and Ellerin, JJ.